IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN LOGHRY, | ) | 7:04CV5017 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STEVE FRANCISCO and SUSAN | ) | |
| FRANCISCO, Individually and | ) | |
| as Trustee of 1 Star Search, | ) | |
| | ) | |
| Defendant. | ) | |

In this case, where diversity of citizenship forms the federal jurisdictional "hook," complex questions are presented by the defendants' motion to dismiss. Similarly complex are the plaintiff's claims.

*I.*

The plaintiff, a Nebraska resident, brings suit asserting a breach of contract and a civil conspiracy claim arising out of a multi-level national (and perhaps international) marketing distribution network in which the plaintiff and the defendants were co-distributors. With the help of the operators of the distributorship (the Texas corporations discussed below), the plaintiff claims that the defendants contracted with him to split commissions after the defendants also became distributors. According to the plaintiff, the contract was negotiated in a conference telephone call. The participants to the conference call included one of the defendants, who was then in California, the plaintiff, who was then in Nebraska, and a representative of the operators of the distributorship, who was presumably in Texas.

The operators of the distributorship, two corporations with principal places of business in Texas, are now litigating with the plaintiff in a Texas federal court. The operators seek declaratory relief allowing them to terminate the plaintiff as a distributor and the plaintiff has filed a counterclaim. That suit was filed before this one, but in apparent response to the plaintiff's threat to sue the operators. The defendants in this case are not parties to the Texas litigation.

The defendants, residents of California, responded to the plaintiff's suit in Nebraska by asserting (1) that this court lacks personal jurisdiction over them and this case should therefore be dismissed; (2) that venue is improper even if this court has personal jurisdiction and this case should therefore be dismissed; (3) that this case should be transferred to the federal court in Texas that is handling the related suit involving the operators if this court has personal jurisdiction and if venue is otherwise proper in Nebraska; and (4) that the civil conspiracy claim under Nebraska law should be dismissed because the plaintiff has alleged no underlying substantive tort. The defendants have submitted affidavits in support of their claim that no personal jurisdiction exists.

Regarding the personal jurisdiction issues, the plaintiff has submitted affidavits allegedly showing personal jurisdiction. Among other things, those affidavits show that (1) after the contract was completed, the plaintiff had some 100 business telephone calls with Steve Francisco and 20 business telephone calls with Susan Francisco; (2) the plaintiff and Steve Francisco participated in 75 national telephone conference calls with the operators of the distributorship and those calls also included other Nebraska residents; and (3) Steve Francisco recruited various Nebraska residents to become distributors and "the defendants derive . . . significant amounts of revenue from the State of Nebraska." (Filing 15, affidavit of John Loghry.)

By motion, the plaintiff also requests that I allow jurisdictional discovery before I decide the pending motion to dismiss. The defendants have objected to the plaintiff's request for jurisdictional discovery.

## *II.*

After careful consideration, I will grant the motion for jurisdictional discovery. See Lakin v. Prudential Securities, 348 F.3d 704, 713 (8th Cir. 2003) ("To not grant [jurisdictional discovery] was . . . an abuse of discretion" where the facts regarding the substantiality of the defendant's business dealings in the forum were complex but not fully developed in the record). I will deny the motion to dismiss without prejudice[1] to reassertion after the completion of jurisdictional discovery. See 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1351 at 309, 312-13 (2004) ( "Deferring the ruling will enable the parties to employ discovery on the jurisdictional issue and might lead to a more accurate judgment than one made solely on the basis of affidavits. Rule 12(d) gives the district court discretion to delay its determination of the Rule 12(b)(2) motion.") (footnotes omitted). Finally, I will protect the defendants from general discovery and further progression of this case, set a schedule for jurisdictional discovery, refer jurisdictional discovery to Judge Piester for management and dispute resolution, and set a deadline for the filing of another motion to dismiss.

For the plaintiff's able counsel, a cautionary comment is order:

---

[1] I will deny the motion without prejudice rather than holding it in abeyance because I want the motion and briefs to be carefully tailored to the facts developed during discovery. Of course, the parties may rely upon the affidavits they have already filed, but they should also base their discussions on facts developed during discovery. I remind the parties of the provisions of our new local rules regarding how to make and file such a record and the necessity of "pinpoint" citations to that record. NECivR 7.1(a)&(b).

> The plaintiff should carefully reevaluate his position on personal jurisdiction after the completion of jurisdictional discovery. As opposed to the more abstract questions of due process, I have serious (but, perhaps, not insurmountable) factual questions about whether "minimum contacts" with Nebraska are present for each of the two defendants, considered separately, regarding (1) the negotiation for the contract and the subsequent performance of the contract by each of the parties to it, and (2) the substantiality of each of the defendants' general business dealings in Nebraska (a) when viewed from the perspective of the plaintiff and (b) when viewed from the perspective of others unrelated to the plaintiff.
>
> My concern is particularly acute as these questions pertain to Susan Francisco personally and in her capacity as "trustee of 1 Star Search." If the plaintiff cannot assert personal jurisdiction over Susan Francisco, one wonders whether a proper adjudication of the dispute is possible.

With the foregoing in mind,

IT IS ORDERED that:

1. The motion to dismiss (filing 11) is denied without prejudice.

2. The motion for stay of decision and for jurisdictional discovery (filing 16) is granted. The objection (filing 19) is denied.

3. The plaintiff and the defendants shall engage in jurisdictional discovery only. All other discovery and progression of this case are stayed. Jurisdictional discovery shall be completed no later than Friday, March 18, 2005. The defendants may file a motion

to dismiss on jurisdictional and other grounds no later than Monday, April 18, 2005, and, if such a motion is filed, the plaintiff shall have the rule time to respond.

4. This matter is referred to Magistrate Judge Piester for management of jurisdictional discovery including, but not limited to, dispute resolution regarding the method and scope of such discovery.

5. The clerk shall provide Judge Piester with a copy of this memorandum and order.

December 17, 2004.

BY THE COURT:

s/Richard G. Kopf
United States District Judge