IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN LOGHRY, | ) | 7:04CV5017 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STEVE FRANCISCO and | ) | |
| STARSEARCH INTERNATIONAL, | ) | |
| LLC., | ) | |
| | ) | |
| Defendants. | ) | |

     Pending before me is the motion to dismiss submitted by Steve Francisco and Susan Francisco. They assert that: (1) this court lacks personal jurisdiction over them and the case should be dismissed; (2) venue is improper and the case should be dismissed or transferred; (3) if the case is not dismissed or transferred, plaintiff's claim for civil conspiracy should be dismissed for failure to state a claim upon which relief can be granted; and (4) this case should be dismissed because the plaintiff failed to disclose his claims in a 2002 bankruptcy filing and he either is judicially estopped from asserting the claims or he lacks standing to assert the claims.

### *I. An Amended Complaint Makes All But One Portion of the Motion Unripe*

     Save for the last allegation regarding estoppel and standing, I will deny the motion to dismiss without prejudice. After the defendants filed their motion to dismiss, the plaintiff filed an amended complaint which drops Susan Francisco as a

defendant[1], adds Starsearch International, LLC., as a defendant[2], and materially altered the conspiracy allegation.[3]

The defendants' brief is directed to the initial complaint. Consequently, I lack a brief from the defendants which is targeted at the operative complaint. Thus, except as noted below, the motion is not ripe because the motion and supporting brief address a complaint that is no longer relied upon by the plaintiff.

## II. Judicial Estoppel Does Not Apply But Plaintiff Lacks Standing

Despite the filing of the amended complaint, one portion of the motion to dismiss requires attention since the amended complaint does not change the situation. The defendants assert and the plaintiff admits that he failed to disclose his claims in this case when he sought and received bankruptcy relief in 2002.

The defendants assert that the plaintiff is judicially estopped to proceed with this case as a result of his failure to disclose his claims, or, alternatively, that he lacks standing. Since these issues go to the heart of my power to hear this dispute, I should address them now.

"The doctrine of judicial estoppel is a discrete doctrine different from issue preclusion." Leonard v. Southwestern Bell Corp. Disability Income Plan, 341 F.3d 696, 702 (8th Cir. 2003). To be precise,

> The doctrine of judicial estoppel prevents a party from taking a position during litigation which is contrary to one taken in a prior judicial or

---

[1] Compare filing 1 ¶ 2 with filing 39 ¶¶ 2 and 3.

[2] Id.

[3] Compare filing 1 ¶¶ 11 and 18 with filing 39 ¶¶ 17 and 29.

> quasi-judicial proceeding. The underlying purpose is to protect the judicial process. Leonard v. Southwestern Bell Corp. Disability Income Plan, 341 F.3d 696, 702 (8th Cir.2003). Judicial estoppel is only available as a means to bar inconsistent statements if the prior statements were adopted by a court, made in a judicial proceeding, or made in the same or related litigation. Id.

Amtrust Inc. v. Larson, 388 F.3d 594, 600-01 (8th Cir. 2004).

"One of the considerations that typically informs the decision of whether to apply the doctrine in a particular case 'is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" United States v. Grap, 368 F.3d 824, 831 (8th Cir. 2004) (quoting New Hampshire v. Maine, 532 U.S. 742, 750 (2001)). That is not the case here. That is, the defendants do not claim to have been creditors of the plaintiff, so I will not assume that they were adversely affected by the bankruptcy discharge.

Nor can I state on this record that the plaintiff gained any unfair advantage over other creditors in his Chapter 7 bankruptcy proceeding by failing to list unliquidated claims.[4] I simply do not know the facts about other creditors.

In any event, the plaintiff has now moved to reopen the bankruptcy estate, and the bankruptcy court presumably will have an opportunity to make a determination of whether the plaintiff has harmed any of the creditors. For these reasons, I conclude that there is not an adequate basis for applying the doctrine of judicial estoppel in this case.

---

[4] If the defendant had a contract with one or more of the defendants as he now appears to claim at the time he sought bankruptcy, I assume that he would have also been obligated to list that contract on his bankruptcy schedules.

Standing, however, is another matter. As our Court of Appeals has said,

> Standing is, of course, a threshold issue in every case before a federal court. If a plaintiff lacks standing, he or she cannot invoke the jurisdiction of the court. See Boyle v. Anderson, 68 F.3d 1093, 1100 (8th Cir.1995), cert. denied, 516 U.S. 1173 (1996). . . . According to Nebraska law, causes of action . . . constitute property rights that are vested in the trustee of a bankruptcy estate upon commencement of a bankruptcy proceeding. As a result, once a bankruptcy petition is filed, the debtor loses standing to pursue any cause of action that accrued prior to the filing of that petition. See Forrest v. Eilenstine, 5 Neb.App. 77, 554 N.W.2d 802, 807 (1996).

Wolfe v. Gilmour Mfg. Co., 143 F.3d 1122, 1126 (8th Cir. 1998).

The plaintiff's contractual rights would also constitute a potential asset of a bankruptcy estate under Nebraska law to the extent the contract was in existence at the moment the bankruptcy petition was filed. Therefore, the plaintiff lost standing to sue on any contract that existed at the time of the filing of a bankruptcy petition.

While the plaintiff does not have standing, his complaint is not subject to immediate dismissal. Rule 17(a) of the Federal Rules of Civil Procedure provides, in relevant part:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification or commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

The Eighth Circuit has held that it is proper under this rule for a plaintiff who lacks standing because of a closed bankruptcy proceeding to reopen the bankruptcy estate and then to substitute the bankruptcy trustee as plaintiff. See Wolfe, 143 F.3d

at 1126-27.  Ratification or joinder are other possible remedies.  Furthermore, "[t]he Nebraska Supreme Court has acknowledged that once property, including a chose in action, is abandoned by a trustee pursuant to § 554, the property reverts to the debtor."  Forrest, 554 N.W.2d at 807 (citing State ex rel. NSBA v. Thor, 467 N.W.2d 666 (Neb. 1991)).

Thus, while the defendants are correct in claiming that the plaintiff did not have standing to invoke the jurisdiction of this court when he filed suit, and that the bankruptcy trustee remains the real party in interest, the plaintiff must be allowed a "reasonable time" to cure this procedural defect.  "What constitutes a reasonable time is a matter of judicial discretion and will depend on the facts of each case."  6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1555, at 417 (2d ed. 1990).

    IT IS ORDERED that:

1. Defendants' motion to dismiss (filing 34) is denied without prejudice as unripe regarding these issues:  lack of personal jurisdiction, improper venue and alternative request to transfer, and failure to state a claim for civil conspiracy.  However, by virtue of the filing of the amended complaint dropping her as a defendant, Susan Francisco, individually and as trustee of 1 Star Search, is no longer a defendant.

2. Defendants' motion to dismiss (filing 34) is denied on the merits regarding the assertion of judicial estoppel.

3. Defendants' motion to dismiss(filing 34) is held in abeyance regarding the issue of lack of standing, but it will be granted without further notice and judgment of dismissal entered for lack of standing <u>unless the plaintiff files one of the following on or before August 1, 2005</u>:

    a.    A motion to substitute the bankruptcy trustee as a party plaintiff and consent of the bankruptcy trustee to said motion;

    b.    A motion to join the bankruptcy trustee as a party plaintiff and consent of the bankruptcy trustee to said motion;

    c.    An amended complaint, signed by the bankruptcy trustee or his or her counsel, substituting the bankruptcy trustee as a party plaintiff or joining the bankruptcy trustee as a party plaintiff; or

    d.    An amended complaint affirmatively showing that the bankruptcy trustee has abandoned any interest in this litigation including the underlying alleged contract and causes of action.

4.    If one of the pleadings described in the foregoing paragraph is filed within the time therein provided, the motion to dismiss (filing 34) will be denied regarding the issue of lack of standing.

5.    The Clerk of the Court shall call this matter to my attention on August 2, 2005 so that I may review the status of the motion to dismiss as to the issue of lack of standing.

June 29, 2005.

                                          BY THE COURT:

                                          *s/ Richard G. Kopf*
                                          United States District Judge